**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| MANUEL CORRENO, for his minor child G.C.,<br><br>    Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | No. CV 07-1678-PHX-SMM<br><br>**ORDER** |

Before the Court is Plaintiff's Application for Attorney's Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. 2412(d)(1)(A) (Doc.22), filed on October 4, 2008. No response was filed by Defendant. Plaintiff requests total fees and costs of $4,777.84, representing fees in the amount of $4,427.84 for 26.6 hours of work as well as court costs of $350.00  After careful consideration, the Court now issues the following Order.

Plaintiff requests attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d)(1)(A), which provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

1   In granting such an award, the EAJA sets a maximum hourly rate of $125 per hour
2   for attorney fees "unless the court determines that an increase in the cost of living or a
3   special factor, such as the limited availability of qualified attorneys for the proceedings
4   involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). To determine the cost-of-
5   living adjustment ("COLA") allowed under EAJA, courts multiply the basic EAJA rate
6   ($125 per hour) by the average annual consumer price index for urban consumers ("CPI-
7   U")[1] for the year in which the attorney performed the work. Thangaraja v. Gonzales, 428
8   F.3d 870, 876-77. The result is then divided by the CPI-U in March 1996, the month
9   when the statutory cap ($125 per hour) was imposed. Id. at 877.

10   In Plaintiff's attorney's fees application, Plaintiff requests $4,777.84 in fees. This
11   total is calculated based upon 26.6 hours of work at the hourly rate of $166.46 in addition
12   to a filing fee of $350.00 (Doc. 22). The Court finds this calculation is correct when an
13   adjustment for COLA is taken into account. Counsel for Plaintiff completed the work in
14   2007 and 2008, and thus, these are the operative years for EAJA fees analysis. Pursuant
15   to Ninth Circuit Rule 39-1.6, the applicable maximum hourly rate under EAJA, including
16   COLA, is $166.46 for 2007. As the year 2008 is not completed yet, the Ninth Circuit has
17   not determined the 2008 statutory maximum hourly rate, adjusted for COLA. As a result,
18   the Court agrees that the same hourly rate of $166.46 should be used for the work
19   performed in 2008.

20   Accordingly,

21   **IT IS HEREBY ORDERED GRANTING** Plaintiff's Application for Attorney's
22   Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. 2412(d)(1)(A) (Doc.22).

---

[1]The national CPI-U, rather than the regional CPI-U, is the proper source from which to determine the COLA in this case, given Ninth Circuit case law and the statutory language of the EAJA. *See* Jawad v. Barnhart, 370 F.Supp.2d 1077, 1080-89 (S.D. Cal. 2005) (concluding that utilizing the national CPI-U is consistent with the clear language of the EAJA as well as controlling case law).

1  **IT IS FURTHER ORDERED** that Plaintiff is awarded $4,427.84 in attorney's
2  fees and $350.00 in court costs for a total award of $4,777.84.
3  DATED this 17th day of December, 2008.

Stephen M. McNamee
United States District Judge